IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONI BROGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:12-cv-01845 |
| | § | |
| BRINKER INTERNATIONAL, INC., | § | |
| d/b/a CHILI'S, | § | |
| | § | |
| Defendant. | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Toni Brogan hereby files this Original Complaint against Defendant Brinker International, Inc., d/b/a Chili's, for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Toni Brogan ("Plaintiff" or "Brogan") is currently a citizen and resident of the State of Texas.

2. Defendant Brinker International, Inc., d/b/a Chili's, (hereinafter referred to as "Defendant" or "Chili's"), is a corporation, authorized to do business, and is doing business, in the State of Texas, with its main corporate headquarters being located 6820 LBJ Freeway, Dallas, Texas 75240. Plaintiff worked at the Chili's restaurant located at 300 Clifford Center Drive, Fort Worth, Texas 76107. Defendant may be served through its registered agent for service, CSC, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on or about July 27, 2010, alleging sexual harassment, and illegal retaliation. A Notice of Right to Sue was issued by the EEOC on June 4, 2012. This action is being commenced within the required statutory time limits.

## II. FACTUAL BACKGROUND

5. Plaintiff was formerly employed by Defendant as a waitress and hostess. During Plaintiff's employment with Defendant she was subject to severe and pervasive sexual harassment by her male general manager. The acts of sexual harassment consisted of exposing his penis, improper touching of body, (including attempt to touch Plaintiff's breast), and regular inappropriate verbal statements, which included, but were not limited to, the following:

- "I wanna see;" (referring to Plaintiff in a sexual way)
- "Look what you do to me;" (while grabbing his penis)
- "You give me a chubby;" (referring to his erection)
- "It's just sex—no attachments;"
- "When can I get pictures of you;"
- "Can I see your breasts;"
- "I want to see your big boobs;"
- "Do you have underwear on;" and
- "You ignore me, and I have to run around here like a horny dog after you."

6. Plaintiff's manager threatened Plaintiff by stating if she complained to or reported his advances to anyone, that Plaintiff would be terminated. It is important to note that not only was Plaintiff threatened by her manager to prevent her from reporting the sexual harassment, but she did not receive any training from Defendant to suggest that the managers threats were untrue.

7. Although Plaintiff rebuked the manager's advances on virtually every occasion, this did not deter the manager. Rather, the manager escalated his advances. Plaintiff became more forceful in her attempts to rebuke the manager's advances, and as a result of Plaintiff's refusals the manager began to issue written warnings to Plaintiff for meritless reasons. These retaliatory actions by Plaintiff's manager eventually led to Plaintiff's termination.

## III. CAUSE OF ACTION—VIOLATION OF TITLE VII

8. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq* ("Title VII").

10. Chili's is an "employer" as defined by Title VII.

11. Plaintiff is an "employee" as defined by Title VII.

12. During the time that Plaintiff was employed by Defendant, she was subjected to severe and pervasive sexual harassment, *quid pro quo* sexual harassment, and retaliation as defined by Title VII. These actions created a hostile-work environment, and effected the terms and conditions of Plaintiff's employment, and ultimately led to the termination of Plaintiff.

13. Defendant did not have adequate policies or procedures in place to address the sexual harassment, *quid pro quo* sexual harassment, and retaliation, nor did it implement prompt remedial measures.

14. As described above, Defendant intentionally and willfully violated Title VII by allowing Plaintiff to be sexually harassed, by allowing Plaintiff to be subjected to *quid pro quo* sexual harassment, and by retaliating against Plaintiff for rejecting and opposing the sexual harassment.

15. In illegally harassing and retaliating against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff.

16. As a result of Defendant's violations of Title VII, Plaintiff has suffered mental trauma, actual damages in the form of lost wages and benefits (past and future), and other losses.

17. As a result of these willful violations of Title VII, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in Title VII, as well as all equitable relief, and attorney fees and costs.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law, (including any mental anguish, loss of enjoyment of life, etc. . . );

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress its violation of the law;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorneys' fees;

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

Respectfully submitted by:

_____
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Carmen Artaza**
State Bar No. 24055114
artaza@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**